Barnes v Mount Sinai W. (2026 NY Slip Op 00417)

Barnes v Mount Sinai W.

2026 NY Slip Op 00417

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: González, J.P., Shulman, O'Neill Levy, Hagler, JJ. 

Index No. 29544/20|Appeal No. 5711|Case No. 2025-00357|

[*1]John Barnes, Plaintiff-Respondent,
vMount Sinai West, et al., Defendants-Appellants, Elias Kampton, Defendant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellants.
Wolf & Fuhrman LLP, Bronx (Marvin Fuhrman of counsel), for respondent.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered December 4, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's medical malpractice cause of action based on claims of intraoperative negligence and negligence in their post-operative treatment of plaintiff, unanimously affirmed, without costs.
Defendants established, through the affirmation of their expert, their prima facie case that they did not depart from good and accepted medical practice in their treatment of plaintiff. Defendants' expert, a colorectal surgeon, opined that the hemicolectomy surgery was properly performed and that the anastomotic leak plaintiff suffered was a subsequent occurrence and known risk of the procedure (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Coronel v New York City Health & Hosps. Corp., 47 AD3d 456, 457 [1st Dept 2008]).
In opposition, plaintiff raised triable issues of fact as to whether the leak was the result of an improperly performed anastomosis, as evidenced by the appearance of that portion of the colon excised in a revision surgery and plaintiff's laboratory results. Defendants' argument that plaintiff's expert, also a colorectal surgeon, was not qualified to discuss the colon sample because it was described in a pathology report and he is not a pathologist is unavailing (see Akel v Gerardi, 200 AD3d 445, 446 [1st Dept 2021]). Plaintiff's expert also raised triable issues of fact on the claim of post-surgical negligence and whether plaintiff should have been discharged based upon certain trends in his post-surgical blood testing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026